# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

Norman G. Lavault,

              Plaintiff,

-against-

Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
TransUnion, LLC,
Capital One, N.A., and
Walmart Inc.,

              Defendant(s).

Case No.: 1:23-cv-360

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

Plaintiff Norman Lavault, by and through counsel, as and for this Complaint against Defendants Equifax Information Services ("Equifax"); Experian Information Solutions, Inc. ("Experian"); TransUnion, LLC ("TransUnion"); (Equifax, Experian, and TransUnion, each a "Bureau" and collectively "Bureaus"); and Capital One, N.A. ("Capital One"); and Walmart Inc. ("Walmart"); ("Capital One" and "Walmart", each a "Furnisher" and collectively "Furnishers"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

1. As described more fully below, Defendants improperly reported balances and delinquencies for accounts on Plaintiff's credit report that were the result of fraud and identity theft.

2. Plaintiff disputed the account providing the necessary documentation.

3. Defendants failed correct the inaccuracies.

4. Plaintiff was thereby damaged.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p *et seq*.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

7. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA").

## PARTIES

8. Plaintiff is a resident of Rhode Island, County of Providence.

9. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

10. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

11. Equifax is a Georgia corporation registered to do business in this State.

12. Equifax may be served with process c/o Corporation Service Company, 222 Jefferson Boulevard, Suite 200, Warwick, RI 02888.

13. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

14. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Equifax, Inc, the parent company of Equifax, is traded on the New York Stock Exchange under the symbol EFX.

16. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

17. Experian is an Ohio corporation registered to do business in this State.

18. Experian may be served with process c/o CT Corporation System, 450 Veterans Memorial Parkway, Suite 7A, East Providence RI 02914.

19. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

20. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

21. Experian PLC, the parent company for Experian, is traded on the London Stock Exchange under the symbol EXPN.

22. Defendant TransUnion, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

23. Defendant TransUnion is a Delaware corporation registered to do business in this State.

24. TransUnion may be served with process c/o Corporation Service Company, 222 Jefferson Boulevard, Suite 200, Warwick, RI 02888.

25. At all times material hereto, TransUnion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning

consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

26. At all times material hereto, TransUnion disbursed such consumer reports to third parties under a contract for monetary compensation.

27. Trans Union, the parent company of Defendant TransUnion, is traded on the New York Stock Exchange under the symbol TRU.

28. Defendant Capital One is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

29. Capital One has an address for service at 1680 Capital One Drive, McLean, VA, 22101.

30. Defendant Walmart is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

31. Walmart has an address for service at c/o CT Corporation System, 450 Veterans Memorial Parkway, Suite 7A, East Providence RI 02914.

## **FACTUAL ALLEGATIONS**

32. Plaintiff incorporates the above allegations as if set forth here.

33. Plaintiff is a victim of fraud and identity theft.

34. One or more unknown individuals stole Plaintiff's and/or financial personal information.

35. They gained access to Plaintiff's credit card information.

36. Unbeknownst to Plaintiff, his credit card information was used to make multiple purchases.

37. On or before January 2023, Plaintiff noticed two accounts on his credit report that had balances that were not incurred by him.

38. There was a balance on a Capital One account number beginning with 486236… ("Capital One Account")

39. There was a balance on a Walmart account number beginning with 603220… ("Walmart Account") (the Capital One and Walmart accounts each an "Account" and collectively "Accounts").

40. Plaintiff realized that each of the Accounts were also appearing on his credit reports from each Bureau.

41. Because Plaintiff did not incur these debts he did not pay the balances.

42. The Accounts were then appearing on each Bureau's credit report as past due.

43. The Accounts were overdue.

44. Yet, the balance on the Account was not from Plaintiff.

45. It was fraudulently incurred without his approval.

46. Plaintiff did not authorize anyone to make these charges.

47. Plaintiff did not enter into transactions with the furnishers, or anyone, for those charges.

48. Plaintiff had not sued these cards for some time and then they suddenly had large balances that were not his.

49. Plaintiff is a victim of fraud and identity theft.

50. Plaintiff dispute the fraudulent charges with Furnisher.

51. Plaintiff was to told that other individuals, unknown to Plaintiff, had used his credit card.

52. Despite, Plaintiff's dispute of these charges and that he did not know the individuals who made the fraudulent purchasers, Furnisher refused to remove the charges from Plaintiff's accounts.

53. Plaintiff reported this crime to law enforcement.

54. On or about January 27, 2023, Plaintiff filed a police report with the Smithfield Police Department ("Police Report").

55. The Incident Report number is 23-102-OF.

56. Plaintiff reported the crime to Patrolman Michael McCoy.

57. Plaintiff confirmed that he is a victim of the crime of identity theft.

58. Plaintiff stated that the Account charges were not his.

59. Making a false police report is punishable by a fine and/or imprisonment.

## Violations

60. In a letter dated May 18, 2023, Plaintiff disputed the veracity of the reporting and described how he is a victim of identity theft. ("Dispute").

61. On or about April 15, 2022, Plaintiff disputed the Account ("Dispute").

62. Plaintiff sent his Dispute to each Bureau.

63. In his Dispute, Plaintiff included a description of the identity theft, the information for the Police Report, his social security information, and his telephone number.

64. Despite the Dispute, and subsequent to it, the Accounts and fraudulent balances remained on Plaintiff's credit report from each Bureau.

65. Despite being on notice from Plaintiff, Furnishers were reporting the Account and balance to each Bureau.

66. Each Bureau was reporting the Account and balance on Plaintiff's credit reports.

67. On information and belief, on date(s) better known to each Bureau, it issued credit reports concerning the Plaintiff that included the Account and incorrect balance.

68. On information and belief, on date(s) better known to each Bureau, it issued credit reports concerning the Plaintiff that included Accounts tradelines.

69. The information furnished by each Furnisher and published by each Bureau was inaccurate.

70. Each Bureau had been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

71. Each Bureau is required to notify each Furnisher of Plaintiff's dispute(s).

72. It appears and is therefore averred that each Bureau notified each Furnisher of Plaintiff's dispute(s).

73. Upon receipt of the dispute(s) of the account by the Plaintiff from each Bureau, each Furnisher failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to their respective disputed Accounts.

74. Had each Furnisher conducted a reasonable investigation it would have been revealed to it that its Account information was inaccurate.

75. A reasonable investigation by each Defendant would have revealed that each respective Account is being incorrectly reported.

76. Defendants were in receipt of the evidence showing that the reported information was inaccurate.

77. Each Bureau was in receipt of information showing the information reported by each Furnisher was inaccurate.

78. Despite the Dispute(s) by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed Accounts, each Defendants did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account(s) was inaccurate.

79. Each Defendant did not even call Plaintiff to discuss his claims.

80. Despite that Plaintiff provided his telephone number for them to discuss the matter.

81. Upon information and belief, each Defendant did not call the Smithfield Police Department to discuss the matter.

82. Each Bureau's actions described herein violated 15 U.S.C. § 1681i.

83. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

84. Furnishers' actions described herein violated 15 U.S.C. 1681s-2 (b).

85. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

86. Defendants knew the information was inaccurate.

87. Each Defendant was in possession of the documentation of the inaccuracies and fraud of the Account yet persisted in reporting it anyway.

88. Upon information and belief, each Bureau did not request any supporting documentation from each Furnisher during its investigation(s) of Plaintiff's Dispute(s)

89. Upon information and belief, each Furnisher did not send any documentation to each Bureau during its investigation(s) of Plaintiff's Dispute(s).

90. Each Furnisher continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus' reporting of the above-referenced tradeline(s) continue to be inaccurate and materially misleading.

Damages

91. As a result of Defendants' failure to comply with the FCRA, Plaintiff has been damaged.

92. Defendants' erroneous reporting continues to affect Plaintiff's reputation, creditworthiness, and credit score.

93. Plaintiff suffered damage to his reputation as it falsely appears as if he is delinquent on each Account when he is not.

94. It also falsely appears as if Plaintiff owes money on each Account.

95. It also falsely appears as if Plaintiff is delinquent on each Account.

96. This false information was published to numerous third-parties.

97. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful business, trade, or profession.

98. As described above, Plaintiff suffered damage by loss of time and money, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, a chilling effect on applications for credit, loss of sleep, stress, and mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

99. Plaintiff was denied funding opportunities due to Defendants' actions.

100. Other than the fraudulent charges on these two Accounts, Plaintiff has not one missed, or even late, payment on his entire credit report.

101. When applying for a credit card from American Express, Plaintiff was denied due to the fraudulent delinquency showing on his Experian report.

102. When applying for a credit card from Capital One, Plaintiff was denied for too many "…delinquent past or present Capital One credit obligations."

103. When applying for a personal loan from TotaLoan from Digital Federal Credit Union, Plaintiff was denied due to the fraudulent delinquency showing on his Equifax report.

104. When applying for a personal loan from Upgrade, Inc., Plaintiff was denied due to the fraudulent delinquency showing on his TransUnion report.

105. These denials caused Plaintiff to suffer tangible and intangible losses of lack of available credit.

106. Plaintiff suffered and continues to suffer due to Defendants' improper actions.

107. Plaintiff was emotionally distraught and damaged, had difficulty sleeping, and difficulty staying asleep.

108. Plaintiff was left with no choice but to institute the instant proceeding.

## FIRSTCAUSE OF ACTION
### (Violations of the FCRA as to each Bureau)

109. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

110. This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

111. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Bureau maintained or furnished concerning the Plaintiff.

112. Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

113. Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to Furnishers or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnishers.

114. Each Bureau has willfully and recklessly, or in the alternative negligently, failed to comply with the Act.

115. The failure of each Bureau to comply with the Act include but is not necessarily limited to:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    c) The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

    d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

  e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

  f) The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

  g) The failure to provide notice of a dispute to the Furnishers or, in the alternative, the failure to provide Plaintiff all relevant information received from the Furnishers in response to a dispute.

116. As a result of the conduct, action and inaction of each Bureau, Plaintiff suffered damage as described above.

117. The conduct, action and inaction of each Bureau was willful rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

118. In the alternative, the conduct, action, and inaction of each Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

119. Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

120. WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

**<u>SECOND CAUSE OF ACTION</u>**
**(Violations of the FCRA as to Furnishers)**

121. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

122. This is an action for willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

123. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

124. Pursuant to the Act, furnishers of disputed information must be notified by the credit reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

125. The Furnishers must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

126. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the Furnishers must report the results to any other agencies which were supplied such information.

127. Upon information and belief, and as described above, Furnishers received notice of Plaintiff's dispute(s) from one or more of the Bureaus.

128. Furnishers violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute(s) of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

129. Furnishers continued to report this information on the Plaintiff's credit report after being notified of the dispute(s) regarding the Account(s) as described above.

130. As a result of the conduct, action, and inaction of Furnishers, Plaintiff suffered damage as described above.

131. The conduct, action, and inaction of Furnishers was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

132. In the alternative, the conduct, action, and inaction of Furnishers was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

133. Plaintiff is entitled to recover reasonable costs and attorney's fees from each Furnishers in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

134. WHEREFORE, Plaintiff demands judgment for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## DEMAND FOR TRIAL BY JURY

135. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  August 31, 2023

          By: */s/ Matthew McKenna*
              Matthew McKenna, Esq., #10320
              **SHIELD LAW, LLC**
              157 Belmont Street
              Brockton, MA 02301
              T: (508) 588-7300
              F: (508) 588-7303
              E: matt@shieldlaw.com

              **STEIN SAKS, PLLC**
              s/ Eliyahu Babad
              Eliyahu Babad
              One University Plaza, Suite 620
              Hackensack, NJ 07601
              (201) 282-6500 x121
              EBabad@SteinSaksLegal.com
              *Pending Admission Pro Hac Vice*

              *Attorneys for Plaintiff*